UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| STERLING LAMAR COOPER, | ) | |
| | ) | |
| *Petitioner*, | ) | |
| | ) | |
| v. | ) | No.: 3:13-cv-581-TAV-CCS |
| | ) | |
| DAVID SEXTON, Warden, | ) | |
| | ) | |
| *Respondent*. | ) | |

**MEMORANDUM**

This is a petition for the writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner Sterling Lamar Cooper ("petitioner"). The matter is before the Court on the respondent's motion to dismiss. For the following reasons, the motion to dismiss [Doc. 16] will be **GRANTED** and this action will be **DISMISSED WITH PREJUDICE**. All other pending motions will be **DENIED** as **MOOT**.

**I.  Standard of Review**

A state prisoner is entitled to habeas corpus relief "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254. Under Rule 8 of the Rules Governing Section 2254 Cases In The United States District Courts, the Court is to determine, after a review of the answer and the records of the case, whether an evidentiary hearing is required. If no hearing is required, the district judge is to dispose of the case as justice dictates. If the record shows conclusively that petitioner is not entitled to relief under § 2254, there is no need for an

evidentiary hearing and the petition should be denied.  *Baker v. United States*, 781 F.2d 85, 92 (6th Cir. 1986).

**II.     Factual Background**

Petitioner was convicted, upon pleas of guilty, to felony drug offenses in both Anderson County, Tennessee, and Roane County, Tennessee.  According to petitioner, as part of his plea agreements, the convictions in both counties were to run concurrent.  Petitioner now alleges that his convictions are void and illegal for the reason that neither county had authority to accept a plea agreement from another jurisdiction.  The respondent moves to dismiss the petition for failure to state a claim upon which relief may be granted under § 2254.

**III.    Discussion**

As noted, to be entitled to federal habeas corpus relief, petitioner must allege and demonstrate that he is in custody in violation of the federal constitution or a federal law.  Petitioner, to the contrary, only alleges that the circuit courts in Anderson County, Tennessee, and Roane County, Tennessee, each lacked jurisdiction to consider a plea agreement from the other.

State court jurisdiction is a matter of state law, not federal law.  *Wills v. Egeler*, 532 F.2d 1058, 1059 (6th Cir. 1976).  "Determination of whether a state court is vested with jurisdiction under state law is a function of the state courts, not the federal judiciary."  *Id*. (citation omitted).  Accordingly, an alleged lack of jurisdiction of a state court cannot be grounds for federal habeas corpus relief.  *Id*.  "[A] state court's

2

Case 3:13-cv-00581-TAV-CCS   Document 39   Filed 08/08/14   Page 2 of 3   PageID #: 181

interpretation of state jurisdictional issues conclusively established jurisdiction for purposes of federal habeas review. *Strunk v. Martin*, 27 F. App'x 473, 475 (6th Cir. 2001); *see also Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) ("we reemphasize that it is not the province of a federal habeas court to reexamine state court determinations on state law questions); *Lewis v. Jeffers*, 497 U.S. 764, 779 (1990) ("federal habeas corpus relief does not lie for errors of state law"); *Pulley v. Harris*, 465 U.S. 37, 41 (1984) ("A federal court may not issue the writ on the basis of a perceived error of state law."); *Sinistaj v. Burt*, 66 F.3d 804, 807 (6th Cir. 1995) ("Errors of state law alone cannot form the basis of relief under federal habeas corpus). Based upon the foregoing, the petition for the writ of habeas corpus fails to state a claim upon which relief can by granted.

**IV.  Conclusion**

The respondent's motion to dismiss will be **GRANTED**, the petition for habeas corpus relief will be **DENIED**, and this action will be **DISMISSED WITH PREJUDICE**. Petitioner having failed to make a substantial showing of the denial of a constitutional right, a certificate of appealability **SHALL NOT ISSUE** in this action. 28 U.S.C. § 2253(c); Rule 22(b) of the Federal Rules of Appellate Procedure. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure. The Court will **DENY** the petitioner leave to proceed *in forma pauperis* on appeal.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE

3

Case 3:13-cv-00581-TAV-CCS   Document 39   Filed 08/08/14   Page 3 of 3   PageID #: 182